UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA


RICHARD L. HOWARD,                          )
                                            )
            Petitioner,                     )
                                            )
v.                                          )        Nos:  1:07-cr-082
                                            )              1:08-cv-293
                                            )              (MATTICE/LEE)
UNITED STATES OF AMERICA,                   )
                                            )
            Respondent.                     )


**MEMORANDUM**


        This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255

filed by petitioner Richard L. Howard ("petitioner").  The government has filed its response

to the motion.  For the following reasons, the § 2255 motion to vacate will be **DENIED** and

this action will be **DISMISSED**.


I.      Standard of Review

        This court must vacate and set aside petitioner's conviction upon a finding that "there

has been such a denial or infringement of the constitutional rights of the prisoner as to render

the judgment vulnerable to collateral attack."  28 U.S.C. § 2255.  To prevail under § 2255,

petitioner "must show a 'fundamental defect which inherently results in a complete

miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process."

*United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that petitioner is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II.     Factual Background

Petitioner was indicted on seven counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); one count of attempting to possess with the intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) & (b)(1)(C); and one count of using a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). [Criminal Action No. 1:07-cr-82, Court File No. 9, Indictment]. Pursuant to a plea agreement, petitioner pleaded guilty to one count of being a felon in possession of a firearm and the remaining counts of the indictment were dismissed on motion of the government. [*Id*., Court File No. 22, Plea Agreement (Under Seal)]. By judgment entered January 14, 2008, he was sentenced as an armed career criminal, pursuant to 18 U.S.C. § 924(e), to a term of imprisonment of 200 months. [*Id*., Court File No. 31,

Judgment].  In support of his § 2255 motion, petitioner alleges the following:  (1) he received

ineffective assistance of counsel; (2) he was subjected to prosecutorial misconduct; and (3)

18 U.S.C. § 922(g) is unconstitutional.


III.    Discussion


*A.  Alleged Assistance of Counsel*

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court

established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient.  This
> requires showing that counsel made errors so serious that counsel was not
> functioning as the "counsel" guaranteed the defendant by the Sixth
> Amendment.  Second, the defendant must show that the deficient performance
> prejudiced the defense.  This requires showing that counsel's errors were so
> serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that his attorney was not performing "within the range of competence

demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970),

petitioner must demonstrate that the attorney's representation "fell below an objective

standard of reasonableness."  *Strickland v. Washington*, 466 U.S. at 687-88.  In judging an

attorney's conduct, a court should consider all the circumstances and facts of the particular

case.  *Id*. at 690.  Additionally, "a court must indulge a strong presumption that counsel's

conduct falls within the wide range of reasonable professional assistance; that is, the

defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

The issue is whether counsel's performance "was so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc*). Because he is seeking relief under § 2255, petitioner bears the burden of proving by a preponderance of the evidence that his counsel was deficient. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

As noted, petitioner was sentenced as an armed career criminal under 18 U.S.C. § 924(e), which provides a minimum mandatory sentence of 15 years for a person convicted of violating 18 U.S.C. § 922(g) who has three prior convictions for "a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). A violent felony is "any crime punishable by imprisonment for a term exceeding one year," that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id*. § 924(e)(2)(B). Specifically, a "crime of violence" includes "murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling." U.S.S.G., § 4B1.2 comment. (n.1).

4

In his plea agreement, petitioner agreed "that he is an Armed Career Criminal as defined by 18 U.S.C. § 924(e)(1)." [Criminal Action No. 1:07-cr-82, Court File No. 22, Plea Agreement, p. 1, ¶ 1(b) (Under Seal)]. Petitioner's status as an armed career criminal was based upon the following predicate offenses as set forth in the Presentence Report: (1) a 1982 Arizona conviction for second degree escape from an Arizona state prison, for which he received a sentence of two years; (2) a 1985 Arizona conviction for aggravated assault of a police officer, for which he was sentenced to six months imprisonment and three years probation, with probation revoked two months later and petitioner sentenced to 1.875 years; (3) 1988 Arizona convictions for the third degree burglary of his estranged wife's residence and aggravated assault upon her, for which he was sentenced to concurrent terms of 10 years in prison; and (4) a 1995 conviction in the U.S. District Court for the Northern District of Texas for carrying a firearm in relation to a drug trafficking crime, for which he received the statutory mandatory sentence of five years. [Presentence Investigation Report, pp. 8 - 9, ¶¶ 45 - 48].

Petitioner now alleges that his attorney refused his request to argue that the Arizona convictions were designated "nondangerous non-repetitive" offenses under Arizona law, pursuant to the plea agreements in the cases, and thus were not crimes of violence for purposes of armed career offender status. Petitioner has provided the court with copies of the Arizona judgments which indicate the convictions were designated "nondangerous."

[Criminal Action No. 1:07-cr-82, Court File No. 38, Amended Petition, Attachments].

Nevertheless, this argument lacks merit.

The fact that petitioner's convictions were designated "nondangerous" does not alter

their status as predicate offenses under § 924(e). *See Taylor v. United States*, 495 U.S. 575

(1990). In *Taylor*, the Supreme Court considered what Congress meant by including burglary

in the definition of a violent crime for purposes of § 924(e) and concluded "Congress meant

by 'burglary' the generic sense in which the term is now used in the criminal codes of most

States." *Id*. at 598. According to the Court, "the generic, contemporary meaning of burglary

contains at least the following elements: an unlawful or unprivileged entry into, or remaining

in, a building or other structure, with intent to commit a crime." *Id*. In reaching this

conclusion, the Court noted as follows:

> It seems to us to be implausible that Congress intended the meaning of
> "burglary" for purposes of § 924(e) to depend on the definition adopted by the
> State of conviction. That would mean that a person convicted of unlawful
> possession of a firearm would, or would not, receive a sentence enhancement
> based on exactly the same conduct, depending on whether the State of his prior
> conviction happened to call that conduct "burglary."

*Id*. at 590-91.

Under the same reasoning, the fact that petitioner's convictions were designated

"nondangerous" by the Arizona state court does not alter their status as violent felonies

within the plain language of § 924(e). *See United States v. Ossana*, 638 F.3d 895, 904 (8th

Cir. 2011) (the fact that the Arizona state court judge characterized an offense as

nondangerous was immaterial to analysis of whether a prior offense was a violent felony).

Petitioner also directs the court's attention to *United States v. Esparza-Herrera*, 557 F.3d 1019 (9th Cir. 2009), in which the Ninth Circuit determined that a prior Arizona offense of aggravated assault was not a crime of violence for enhancement purposes because Arizona's definition of aggravated assault "encompasses acts done with ordinary recklessness." *Id*. at 1024.

The court notes that the Sixth Circuit has recently reached the same conclusion with respect to Tennessee's definition of aggravated assault: "Because recklessly causing serious bodily injury to another does not qualify as a 'violent felony' under either the 'use of force' clause or the 'otherwise' clause, Tennessee's aggravated-assault statute, § 39-13-102 (1991), is not categorically a 'violent felony.'" *United States v. McMurray*, 653 F.3d 367, 377 (6th Cir. 2011) (defendant's sentence for felon in possession of a firearm was improperly enhanced under the armed career criminal act).

Nevertheless, *Esparza-Herrera* and *McMurray* were decided after petitioner's guilty plea and judgment of conviction. Thus, at the time of petitioner's plea and sentencing, it was clear that, on its face, a conviction for aggravated assault constituted a crime of violence for § 924(e) purposes. *See, e.g., United States v. Matthews*, 278 F.3d 560, 563 (6th Cir. 2002) (*abrogation recognized by United States v. McMurray*, 653 F.3d at 375). In *Matthews*, the Sixth Circuit affirmed an enhanced sentence for felon in possession under the armed career criminal act which included a Tennessee conviction for reckless aggravated assault as a

predicate offense. In doing so, the court specifically noted that "[r]eckless aggravated assault certainly 'presents' a serious risk of injury to its victim." *Id*.

It is obvious that petitioner had the requisite predicate convictions under § 924(e) at the time of his guilty plea and sentencing. Moreover, even without counting petitioner's aggravated assault convictions, he was an armed career criminal based upon his prior federal conviction for using a firearm during a drug trafficking crime in addition to his Arizona convictions for burglary and escape. *See Taylor v. United States*, 495 U.S. at 599 (burglary of a building is a violent felony); *United States v. Howard*, 216 F. App'x 463, 475 (6th Cir. 2007) (escape qualifies as a violent felony).

Accordingly, there was no basis for petitioner's attorney to object to his status as an armed career criminal and her failure to do so was not ineffective assistance of counsel. *See United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990) (the failure of defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel); *Brunson v. Higgins*, 708 F.2d 1353,1356 (8th Cir. 1983) (citations omitted) ("The failure to anticipate a change in the law will not generally constitute ineffective assistance of counsel.").

In addition, petitioner was not prejudiced by counsel's alleged failure to object to his status as an armed career criminal. As noted, petitioner acknowledged in his plea agreement that he would be sentenced as an armed career criminal. The agreement further provided "that if for some reason he does not qualify as an Armed Career Criminal that the United

States may withdraw from this agreement." [Criminal Action No. 1:07-cr-82, Court File No. 22, Plea Agreement, p. 1, ¶ 1(b) (Under Seal)]. The agreement also provided that the United States would dismiss the remaining counts against petitioner "[i]n consideration of the defendant's guilty plea as an Armed Career Criminal." [*Id.*, ¶ 1(c)].

Thus, had counsel successfully argued that petitioner was not an armed career criminal, the United States could have withdrawn from the plea agreement and prosecuted petitioner on all counts of the indictment, which included one count of using a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). Had petitioner been convicted of that count, which would have been his second conviction for that offense, he was subject to a mandatory minimum sentence of 25 years to be served consecutive to any sentence he would have received on the remaining drug and firearm charges. *Id.* § 924(c)(1)(C)(i) & (D)(ii).

Thus, rather that facing a sentence well in excess of 25 years, petitioner was instead sentenced to 200 months. Based upon the foregoing, petitioner has failed to demonstrate that he received ineffective assistance of counsel under the standard set forth in *Strickland*.

### B. Alleged Prosecutorial Misconduct

Petitioner alleges that the prosecutor was aware that petitioner's prior convictions were for non-violent crimes but took no steps to prevent the armed career offender enhancement. The court having found that petitioner had the requisite predicate offenses to be sentenced

as an armed career criminal under § 924(e), this argument lacks merit. Indeed, petitioner

received the benefit of the bargain with regard to his plea agreement.

*C. Constitutionality of § 922(g)*

The Supreme Court and the Sixth Circuit have held that § 922(g) is constitutional on

its face under the Commerce Clause. *See Scarborough v. United States*, 431 U.S. 563, 575

(1977); *United States v. Loney*, 331 F.3d 516, 524 (6th Cir. 2003). Petitioner alleges,

however, that 18 U.S.C. § 922(g) is null and void because it is a congressional amendment

to the Second Amendment which was not ratified by the States as required by Article V. of

the U.S. Constitution. In support of his argument, he relies on *District of Columbia v. Heller*,

554 U.S. 570 (2008), in which the Supreme Court rejected the proposition that the Second

Amendment protects only the right to possess firearms in connection with militia service.

Instead, the Court endorsed an individual right to possess certain weapons for self-defense

in the home. *Id*. at 592. The Court thus struck down the District of Columbia's virtual ban

on the possession of handguns. *Id*. at 628-36.

The Supreme Court noted, however, that "the right secured by the Second Amendment

is not unlimited," *id*. at 626, and expressly stated that "nothing in our opinion should be taken

to cast doubt on longstanding prohibitions on the possession of firearms by felons and the

mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools

and government buildings, or laws imposing conditions and qualifications on the commercial

sale of arms." *Id*. at 626-27 (footnote omitted). As the Sixth Circuit has observed, *Heller*

did not alter the long-standing constitutionality of "congressional regulation of firearms."

*United States v. Frazier*, 314 F. App'x 801, 807 (6th Cir. Nov. 19, 2008). Petitioner's argument in this regard lacks merit.

IV.     Conclusion

Petitioner is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. The court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this court will **DENY** petitioner leave to proceed in forma pauperis on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

        */s/Harry S. Mattice, Jr.*
        HARRY S. MATTICE, JR.
        UNITED STATES DISTRICT JUDGE